We reverse defendant's convictions and remand for a new trial.

774 A.2d 608

NATIONAL CONSUMER INSURANCE COMPANY, PLAINTIFF–APPELLANT, v. U–HAUL OF CENTRAL PA, INC., A CORPORATION, AND REPUBLIC WESTERN INSURANCE COMPANY, DEFENDANTS–RESPONDENTS,GUILLERMO A. PARODI, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued March 13, 2001—Decided May 11, 2001.

Before Judges SKILLMAN, WECKER [1] and LESEMANN.

*Robert P. Clark* argued the cause for appellant, (*Mr. Clark*, attorney; *Robert F. Di Stefano*, on the brief).

*Sean X. Kelly* argued the cause for respondents U–Haul of Central PA, Inc. and Republic Western Insurance Company, (*Marks, O'Neill, O'Brien & Courtney*, attorneys; *Mr. Kelly* and *Ann M. Madden*, on the brief).

The opinion of the court was delivered by

LESEMANN, J.A.D.

■ This appeal presents a narrow question of statutory construction related to Personal Injury Protection (PIP) insurance benefits: whether an insurance company which pays PIP benefits to its insured (and to passengers in the insured's vehicle) as the result of injuries allegedly caused by a third party's negligent operation of a rented truck, may obtain reimbursement from the insurance carrier which provided liability insurance for the owner and operator of the truck. Based on its interpretation of *N.J.S.A.* 39:6A–9.1, the trial court answered the question in the negative. We disagree, and thus we reverse.

The facts of the case, as they relate to this appeal, are quite simple. On September 28, 1997, Osmin Aguilar was operating his personal vehicle with two passengers, Octavio Aguilar and Carlos Perez, when he was involved in an accident with a truck. The truck was owned by defendant U–Haul of Central PA (U–Haul) and was operated by defendant Guillermo Parodi. U–Haul was in the business of renting trucks, and Parodi had rented this truck to use for his own purposes. At the time of the accident, he was not pursuing any business of U–Haul and the sole connection between the two was Parodi's rental of the truck from U–Haul.

---

[1] Judge Wecker did not participate in the argument of this case. She has been added with consent of all counsel.

Aguilar was insured by plaintiff National Consumer Insurance Company (National) and pursuant to its policy, National paid PIP benefits to Osmin Aguilar, Octavio Aguilar and Carlos Perez. Pursuant to the requirements of *N.J.S.A.* 45:21–1, *et seq.*, U–Haul maintained liability insurance covering its truck. That insurance was provided by defendant Republic Western Insurance Company (Republic). However, although Republic provided the required liability coverage, it did not provide PIP benefits since PIP coverage was not required by the statute. National contended that if the accident was caused by Parodi, National was entitled to recover from Republic all of the PIP benefits it had expended. It sought arbitration on that issue but since the trial court concluded that National had no such right of reimbursement, the court rejected the arbitration demand.

The governing statute is *N.J.S.A.* 39:6A–9.1. The essential provisions read as follows:

> An insurer, ... paying [PIP] benefits . . as a result of an accident occurring within this State, shall, ... have the right to recover the amount of payments from any tortfeasor who was not, at the time of the accident, required to maintain [PIP coverage] .. other than for pedestrians, under the laws of this State ..., or although required did not maintain personal injury protection ... at the time of the accident.

The Supreme Court explained the meaning of that statute in *Unsatisfied Claim & Judgment Fund Bd. v. New Jersey Mfrs. Ins. Co.*, 138 *N.J.* 185, 649 *A.2d* 1243 (1994). The statute, the Court held, provides a limited reimbursement right for an insurance company which makes PIP payments to its insureds. As the Court described it:

> The statute provides that an insurer ... may recover [PIP payments it made] from any tortfeasor who (1) was not required by law to maintain PIP coverage or (2) although required, failed to carry PIP coverage. .. The first class refers to insured commercial or public vehicles without PIP coverage. (A key limitation of the No–Fault Law is its applicability only to private-passenger automobiles. . ) The second class refers to uninsured tortfeasors.
>
> [*Id.* at 193, 649 *A.2d* 1243.]

The theory of the statute, the Court said, was to reject universal reimbursement or subrogation for recovery of PIP payments made by an insurer. Rather, the statute permitted such recovery

only in the two limited cases referred to: first, where the accident was caused by a tortfeasor who (while maintaining liability insurance) was not required to maintain PIP coverage; and second, where the tortfeasor was required to maintain PIP coverage but had failed to do so.

The parties agree on that general exegesis of *N.J.S.A.* 39:6A–9.1. They also agree that the first of the two described categories poses the critical issue: was this a case involving a "tortfeasor" who was covered by liability insurance but "was not required by law to maintain PIP coverage." They even agree that the statutorily mandated insurance provided to a rental car (or truck) would fall within that description in *N.J.S.A.* 39:6A–9.1. That is, since *N.J.S.A.* 45:21–2 requires the owner of a rented vehicle to maintain liability insurance, but does not require maintenance of PIP coverage, such insurance would fall within that first description in *N.J.S.A.* 39:6A–9.1 of a case where reimbursement for PIP payments is available when the tortfeasor "was not, at the time of the accident, required to maintain" PIP coverage under the laws of this State. They differ only concerning application of the statutory reference to a "tortfeasor." Republic maintains that only if U–Haul were the "tortfeasor," could Republic be required to reimburse National for PIP payments. It was U–Haul, Republic argues, which it insured, and it was U–Haul's exclusion from providing mandatory PIP coverage which created a potential exposure for a reimbursement obligation. Thus, says Republic, if U Haul had been the "tortfeasor" who caused the accident, or if Parodi had been acting for U–Haul at the time of the accident, U–Haul (and Republic as its insurer) might well have been required to reimburse National. But not otherwise: not when it is clear that Parodi was acting only for himself, and it was he (not U–Haul) who was the tortfeasor and not U–Haul.

National, however, says the critical factor is that Parodi was the "tortfeasor." And, National says, the facts here fall squarely within the first statutory category which provides a right of reimbursement. Parodi was an insured under the policy issued by

Republic to U–Haul. (*N.J.S.A.* 45:21–3 specifically directs that the liability policy obtained by the owner of a rental vehicle must also cover any "lessee" of the vehicle.) In addition, Parodi meets the second part of the statutory definition, in that he was not required to maintain PIP coverage. And, National maintains, Parodi was the "tortfeasor" who caused the accident in question.

In sum, then, National says, it is entitled to seek reimbursement from Republic for National's PIP payments by seeking recovery from the "tortfeasor" (Parodi), "who was not, at the time of the accident, required to maintain" PIP coverage. According to National, the facts fall squarely within *N.J.S.A.* 39:6A–9.1; the trial court's conclusion to the contrary was error; and National should have the opportunity to proceed to arbitration to attempt to demonstrate that the accident was indeed the fault of Parodi, and he was thus properly described as the "tortfeasor."

■ We agree with National's analysis. We find the contrary argument submitted by Republic to represent an unreasonably narrow and unrealistic reading of the term "tortfeasor" in *N.J.S.A.* 39:6A–9.1. There is no reason why Parodi—required by statute to be covered for liability insurance under the policy obtained by U–Haul—should not be considered a "tortfeasor" for these purposes. As set out in *Unsatisfied Claim & Judgment Fund Bd. v. New Jersey Mfrs. Ins. Co., supra,* the statutory policy is to provide a limited right of reimbursement, primarily from a company insuring a commercial entity, where liability insurance has been provided but PIP coverage has not. "All the cases applying section 9.1 do so in situations in which a commercial vehicle was at fault, and they involve recoupment from a commercial vehicle's insurer." *Unsatisfied Claim & Judgment Fund Bd., supra,* 138 *N.J.* at 196, 649 *A.*2d 1243.

■ Neither the Supreme Court in the *Fund* case, nor either of the statutes involved—*N.J.S.A.* 39:6A–9.1 and *N.J.S.A.* 45:21–1 through–15—support the artificial distinction claimed by Republic. The Supreme Court and this court have more than once noted that the legislative policy underlying the statute requiring maintenance

of liability insurance by a car or truck rental company was intended to provide protection against negligent operation by an independent lessee of the vehicle as well as by the owner of the vehicle. Thus, in *Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co.*, 28 *N.J.* 554, 563, 147 *A.2d* 529 (1959), the Court noted that, "[t]he purpose of the statute is to protect the public from the irresponsibility of persons operating hired motor vehicles on our highways." And in *Rao v. Universal Underwriters Ins. Co.*, 228 *N.J.Super.* 396, 401–02, 549 *A.2d* 1259 (App.Div.1988), this court noted that the applicable statutory provisions "have been liberally construed to require that coverage be provided to all potential drivers of a given vehicle to the extent required to conform them to minimum statutory limits." *See also,* to the same general effect, *Selected Risks Ins. Co. v. Zullo*, 48 *N.J.* 362, 368, 225 *A.2d* 570 (1966); *Williams v. American Home Assurance Co.*, 121 *N.J.Super.* 351, 360, 297 *A.2d* 193 (App.Div.1972), *certif. denied,* 62 *N.J.* 260, 300 *A.2d* 344 (1973).

In sum, we are satisfied that Parodi qualifies as a "tortfeasor" within the meaning of *N.J.S.A.* 39:6A–9.1. The repayment provisions of that statute, as they apply to a case in which the tortfeasor is covered by liability insurance but not PIP insurance, apply to both the owner and the lessee-operator of a rented vehicle who is covered by the liability insurance mandated by *N.J.S.A.* 45:21–1 to –15. Accordingly, National is entitled to have the matter referred to arbitration so that it may attempt to establish the facts necessary for recovery under what we view as a correct analysis of the law. Accordingly, the matter is reversed and remanded for further proceedings consistent with this opinion.